UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHERINE GOOD,

Plaintiff,

v. CASE NO. 3:25-cv-1103-WWB-SJH

UNITED STATES POSTAL SERVICE, et al.,

Defendants.
_______________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's motion for extension of time, Doc. 40, and motion for clarification and request for service, Doc. 41 (together "Motions"). The Motions are **denied without prejudice**, for failure to include a memorandum of law as required by Local Rule 3.01(b), failure to include a conferral certification as required by Local Rule 3.01(g), and failure to comply with the typography requirements of the January 13, 2021, Standing Order of the presiding District Judge (and, as modified therein, Local Rule 1.08).[1] The Court nevertheless *sua sponte* provides as follows.

The Court previously directed the United States Marshal to effect service of process. Doc. 8. at 2. The Court also directed that Plaintiff provide the materials to

[1] Plaintiff has been cautioned, including at the recent hearing before the undersigned on June 29, 2026—and is again cautioned—of the need to ensure compliance with the Local Rules and the Standing Orders of the presiding District Judge. Noncompliant filings may be summarily denied or stricken and may result in sanctions.

effect service, including completed summonses, completed USM-285 forms, and copies of Plaintiff's pleadings (together, "Service Materials"). *See id.*; Doc. 32 at 1–2.

Service is governed by Rule 4 of the Federal Rules of Civil Procedure. Specifically, with respect to service on the United States Postal Service ("USPS"), Rule 4(i)provides:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** ***United States.*** To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> **(2)** ***Agency; Corporation; Officer or Employee Sued in an Official Capacity.*** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> …

Fed. R. Civ. P. 4(i); *see also Heitkamp v. United States,* No. 22-cv-1689-JRT-DJF, 2022 WL 17176848, at *2 (D. Minn. Nov. 23, 2022) ("Broadly, to serve a United States agency, [including the United States Postal Service], a plaintiff must send the summons and the complaint to (1) the United States Attorney for the district where

the action is brought, (2) the Attorney General of the United States, and (3) the agency being sued.").

Upon the Court's own review, however, as to USPS, the Court will now **stay**, pending further order, the service-of-process provision in 28 U.S.C. § 1915(d), the service-of-process period in Fed. R. Civ. P. 4(m), and the Court's prior directives to Plaintiff to provide the Service Materials.

As Plaintiff is proceeding *in forma pauperis*, *see* Doc. 8, the Court is obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In her operative pleading, Plaintiff seeks relief against USPS under the Rehabilitation Act of 1973 ("Rehabilitation Act) and Title VII of the Civil Rights Act ("Title VII"). *See* Doc. 21 at 1–3. However, it does not appear that USPS is a proper defendant, as the claims Plaintiff alleges may be brought against only the Postmaster General in his official capacity. *See, e.g.*, *Morrison v. Brennan*, No. 8:17-cv-2850-T-60-AEP, 2019 WL 5722122, at *2 (M.D. Fla. Nov. 5, 2019) ("Claims of discrimination made under Title VII and the Rehabilitation Act may only be brought against the head of the department, agency, or unit against which discrimination is alleged."); *Ndembe v. DeJoy*, No. 1:23-cv-4955-SCJ-JCF, 2024 WL 6085432, at *1 (N.D. Ga. Apr. 10, 2024) ("The United States Postal Service is not a proper defendant for Plaintiff's Title VII claims. 'In Title VII cases brought against a federal entity, the proper party to name

as the defendant is "the head of the department, agency, or unit, as appropriate.""" (citation omitted)); *see also Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986) (explaining that "in a Title VII action alleging discrimination in the Postal Service, the only proper defendant is the head of the agency—the Postmaster General"); *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) ("Under Title VII and the Rehabilitation Act the proper defendant is "'the head of the department, agency, or unit, as appropriate.'" (citations omitted)); *Lamb v. U.S. Postal Serv.*, 852 F.2d 845, 846 (5th Cir. 1988) ("[T]he only proper defendant in a Title VII action against the Postal Service is the Postmaster General."); *Canino v. U.S. E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983) (explaining that "the head of the agency involved is the only appropriate defendant in a Title VII action"); *McCready v. United States Postal Serv.*, No. 2:22-cv-5899-NJC-AYS, 2025 WL 1284275, at *3 & n.3, *8 (E.D.N.Y. May 2, 2025) (finding that "the only proper defendant for the [discrimination and retaliation] claims [under Title VII and the Rehabilitation Act] presented in the Complaint is the Postmaster General").

Accordingly, Plaintiff shall have until **August 10, 2026**, to show cause in writing why this action should not be dismissed as against USPS and/or to seek other corrective relief, if appropriate. Failure to do so may result in the dismissal of this action against USPS without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, on July 20, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro se* Plaintiff
Counsel of Record